UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNKNOWN HEIRS, DEVISEES, LEGATEES, SUCCESSORS, EXECUTORS, ADMINISTRATORS, PERSONAL REPRESENTATIVES, GUARDIANS, TRUSTEES, RECEIVERS, GRANTEES AND LESSEES OF WILL H. DEMOMBERY, DECEASED; UNKNOWN HEIRS, DEVISEES, LEGATEES, SUCCESSORS, EXECUTORS, ADMINISTRATORS, PERSONAL REPRESENTATIVES, GUARDIANS, TRUSTEES, RECEIVERS, GRANTEES AND LESSEES OF NEBRASKA DEMOMBERY, DECEASED; CHERYL L. LOGAN, and UNKNOWN OWNERS & NON- RECORD CLAIMANTS, | ) Cause No. 1:22-cv-1574 |
| Defendants. | ) |

## **C O M P L A I N T**

The Plaintiff, United States of America, on behalf of its agency, Secretary of Housing and Urban Development, its successors, and assigns, by Zachary A. Myers, United States Attorney for the Southern District of Indiana, hereby states:

### **JURISDICTION/VENUE**

This Court has jurisdiction pursuant to 28 U.S.C. § 1345 and 12 U.S.C. § 1715, *et seq*., and venue is proper in this Court.

### **COUNT I (Action for Debt)**

As to the claim against the Borrowers, Will H. Demombery (deceased) and Nebraska

1

Demombery (deceased), the Plaintiff asserts:

1. On or about March 2, 2001, the Borrowers, Will H. Demombery and Nebraska Demombery executed and delivered to Custom Mortgage, Inc., an Adjustable-Rate Note, which Note is attached hereto as Exhibit A.

2. Simultaneously with the execution and delivery of the Note, and in order to secure the payment of said Note, Will H. Demombery and Nebraska Demombery executed and delivered to Custom Mortgage, Inc., an Adjustable-Rate Home Equity Conversion Mortgage, attached hereto as Exhibit B, recorded on March 27, 2001, in Instrument #2001-0046410.

3. On or about March 2, 2001, the Borrowers, Will H. Demombery and Nebraska Demombery executed and delivered to Custom Mortgage, Inc., an Adjustable Rate Second Note, which Note is attached hereto as Exhibit C.

4. Simultaneously with the execution and delivery of the Note, and in order to secure the payment of said Note, Will H. Demombery and Nebraska Demombery executed and delivered to Custom Mortgage, Inc., an Adjustable-Rate Second Mortgage, attached hereto as Exhibit D, recorded on March 27, 2001, in Instrument #2001-0046411.

5. On or about May 24, 2001, Custom Mortgage, Inc. conveyed and assigned its interest in the Note and Mortgage to the Senior Homeowners Financial Services, Inc., attached hereto as Exhibit E, recorded on May 24, 2001, as Instrument #2001-0086677.

6. On or about November 30, 2006, Senior Homeowners Financial Services, Inc. conveyed and assigned its interest in the Note and Mortgage to Wendover Financial Services Corporation, attached hereto as Exhibit F, recorded on January 4, 2007, as Instrument #2007-002142.

7.       On or about January 24, 2012, Wendover Financial Services Corporation by Celink, acting as agent and Attorney-in-Fact, conveyed and assigned its interest in the Note and Mortgage to the Secretary of Housing & Urban Development, attached hereto as Exhibit G, recorded on May 17, 2012, as Instrument #A 2012-00047999.

8.       On or about January 24, 2012, Wendover Financial Services Corporation by Celink, acting as agent and Attorney-in-Fact, conveyed and assigned its interest in the Note and Mortgage to the Secretary of Housing & Urban Development, attached hereto as Exhibit H, re-recorded on June 18, 2012, as Instrument #2012-00059674.

9.       The Borrower, Will H. Demombery, died on July 7, 2002, leaving any interest that he had in the subject real estate to his heirs at law.

10.      The Borrower, Nebraska Demombery, died on January 13, 2021, leaving any interest that she had in the subject real estate to her heirs at law.

11.      The Borrowers defaulted under the terms of the Adjustable Rate Note and Home Equity Conversion Mortgage, and/or otherwise defaulted regarding their obligations to Plaintiff under the provisions of the documents attached as Exhibits A, B, C, D, and E.

12.      All conditions precedent to the assertion of this cause of action against the said Borrowers, Will H. Demombery and Nebraska Demombery, have been satisfied and/or occurred.

13.      As of February 22, 2021, the balance of the indebtedness of the Borrowers and the subsequent interest accrual to the date of judgment is the following with respect to the attached debt instruments:

| **Designation** | **Balance** | **Per Diem Interest Accrual** |
|---|---|---|
| Exhibits A and B | $66,310.87 | $3.18 |

A Statement of Account is attached hereto as Exhibit I.

WHEREFORE, Plaintiff respectfully prays that the Court:

A. Enter judgment **in rem** in favor of the Plaintiff and against all Defendants, unknown heirs, devisees, legatees, successors, executors, administrators, personal representatives, guardians, trustees, receivers, grantees and lessees of Will H. Demombery (deceased); unknown heirs, devisees, legatees, successors, executors, administrators, personal representatives, guardians, trustees, receivers, grantees and lessees of Nebraska Demombery (deceased); Cheryl L. Logan; and unknown owners and non-record claimants, in the principal amount of $30,860.52, together with interest thereon through February 22, 2021, in the amount of $24,491.84, plus service charge in the amount of $7,200.00, plus MIP in the amount of $3,758.51, plus interest at the rate of $3.18 per day from and after February 23, 2021, until the date of entry of judgment, plus such further costs and expenses as may be incurred to the date of judgment, and all other costs herein without relief from valuation or appraisement laws;

B. Provide the Plaintiff with such other and further relief as is just and proper in the premises.

## COUNT II (Action for Mortgage Foreclosure)

As to its claim against the Defendants, unknown heirs, devisees, legatees, successors, executors, administrators, personal representatives, guardians, trustees, receivers, grantees, and lessees of Will H. Demombery (deceased); unknown heirs, devisees, legatees, successors, executors, administrators, personal representatives, guardians, trustees, receivers, grantees, and lessees of Nebraska Demombery (deceased); Cheryl L. Logan; and unknown owners and non-record claimants, the Plaintiff asserts:

11. To secure the indebtedness evidenced by Exhibit A, the Borrowers, Will H. Demombery and Nebraska Demombery, executed and delivered to Custom Mortgage, Inc., a mortgage, and an Adjustable-Rate Home Equity Conversion Mortgage, attached hereto as Exhibit B, recorded on March 27, 2001, in Instrument #2001-0046410, on certain real estate described as follows:

> **LOT NINETEEN (19) IN STEWART S 34TH STREET ADDITION AN ADDTION TO THE CITY OF INDIANAPOLIS AS PER PLAT THEREOF RECORDED IN PLAT BOOK 17 PAGE 41 IN THE OFFICE OF THE RECORDER OF MARION COUNTY INDIANA.**
>
> **Commonly known as:**     **3431 Orchard Avenue**
> **Indianapolis, IN 46218**

12. The Mortgage was duly recorded on March 27, 2001, as Instrument No. 2001-0046410, in the Office of the Recorder of Marion County. A true and accurate copy of the Mortgage is attached hereto as Exhibit B.

13. On or about March 2, 2001, the Borrowers, Will H. Demombery and Nebraska Demombery executed and delivered to Custom Mortgage, Inc., an Adjustable-Rate Second Note, which Note is attached hereto as Exhibit C.

14. Simultaneously with the execution and delivery of the Note, and in order to secure the payment of said Note, Will H. Demombery and Nebraska Demombery executed and delivered to Custom Mortgage, Inc., an Adjustable Rate Second Mortgage, attached hereto as Exhibit D, recorded on March 27, 2001, in Instrument #2001-0046411.

15. On or about May 24, 2001, Custom Mortgage, Inc. conveyed and assigned its interest in the Note and Mortgage to the Senior Homeowners Financial Services, Inc., attached hereto as Exhibit E, recorded on May 24, 2001, as Instrument #2001-0086677.

16. On or about November 30, 2006, Senior Homeowners Financial Services, Inc. conveyed and assigned its interest in the Note and Mortgage to Wendover Financial Services Corporation, attached hereto as Exhibit F, recorded on January 4, 2007, as Instrument #2007-002142.

17. On or about January 24, 2012, Wendover Financial Services Corporation by Celink, acting as agent and Attorney-in-Fact, conveyed and assigned its interest in the Note and Mortgage to the Secretary of Housing & Urban Development, attached hereto as Exhibit G, recorded on May 17, 2012, as Instrument #2012-00047999.

18. On or about January 4, 2012, Wendover Financial Services Corporation by Celink, acting as agent and Attorney-in-Fact, conveyed and assigned its interest in the Note and Mortgage to The Secretary of Housing & Urban Development, attached hereto as Exhibit H, re-recorded on June 18, 2012, as Instrument #2012-00059674.

19. Plaintiff is the holder/owner of the Note and Mortgage.

20. Borrowers, Will H. Demombery and Nebraska Demombery defaulted under the terms of the Note and Mortgage, and/or otherwise defaulted regarding their obligations to Plaintiff under the provisions of the Note and Mortgage and the entire indebtedness of the Borrowers is now due.

21. All conditions precedent to the assertion of this cause of action against the said Borrowers and Defendants have been satisfied and/or has occurred.

22. The Defendants, other than the Borrowers designated in this action, purport to have an interest in the real estate described in Exhibit B and are named as Defendants to answer the extent of their interest.

23. Marion County, Indiana may claim to have liens on the subject real estate in real property taxes either delinquent or not yet due and payable – or both. Because the liens are not subject to foreclosure in this suit, however, Marion County has not been joined in this suit, and the real estate shall remain subject to said liens subsequent to the foreclosure sought herein.

24. The City of Indianapolis, Indiana may claim to have liens on the subject property regarding assessed delinquent municipal sewer obligations. Because the liens are not subject to foreclosure in this suit, however, that entity has not been joined in this suit, and the real estate shall remain subject to said liens subsequent to the foreclosure sought herein.

**WHEREFORE**, Plaintiff respectfully prays that the Court:

A. Declare Plaintiff's Real Estate Mortgage to be a valid, first and subsisting lien on the real estate superior to all claims, liens or interests asserted or which may be asserted against the real estate by the named Defendants, unknown heirs, devisees, legatees, successors, executors, administrators, personal representatives, guardians, trustees, receivers, grantees and lessees of Will H. Demombery (deceased); unknown heirs, devisees, legatees, successors, executors, administrators, personal representatives, guardians, trustees, receivers, grantees and lessees of Nebraska Demombery (deceased); Cheryl L. Logan; and unknown owners and non-record claimants;

B. Enter an Order foreclosing the Real Estate Mortgage of Plaintiff on the real estate and foreclosing and barring all of the Defendants' equity of redemption and interest in the real estate and directing the sale of the real estate pursuant to applicable law in order to pay the judgment of Plaintiff, with the proceeds of said sale to be first applied to the indebtedness of the Plaintiff secured by the Real Estate Mortgages hereby foreclosed, and with any then-remaining

overplus paid to the Clerk of the Court to be disposed of as the Court shall direct;

      C.     Provide the Plaintiff with such other and further relief as is just and proper in the premises.

                                 Respectfully submitted,

                                 ZACHARY A. MYERS
                               United States Attorney

              By:     *s/ Kelly Rota*
                         Kelly Rota
                         Assistant United States Attorney
                         Office of the United States Attorney
                         10 West Market, Suite 2100
                         Indianapolis, Indiana 46204